UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY BERRY,

        Plaintiff,                    Case No. 16-cv-10170

v                                       Honorable Thomas L. Ludington

MAGISTRATE JUDGE PATRICIA T. MORRIS,

        Defendant.
_____/

## ORDER GRANTING APPLICATION TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

**I.**

Plaintiff Timothy Berry's recent flurry of federal litigation began on December 17, 2015, when he filed a pro se complaint against the Honorable Jon VanAllsburg, a state circuit judge in Ottawa County, Michigan. *See* Case No. 15-cv-14380, ECF No. 1. Berry alleged that Judge VonAllsburg had violated his constitutional rights in the following ways: (1) a violation of his Fourteenth Amendment right to due process when an Ex Parte Order was issued without just cause and his parental rights were revoked; (2) a violation of his Sixth Amendment right to be informed when evidence was not provided prior to a hearing; (3) a violation of his Sixth Amendment right when he was denied a trial by an impartial jury; (4) a violation of his Fourteenth Amendment right to equal protection when his request to submit video evidence was denied; (5) a violation of his First Amendment right to free exercise when he was found "'guilty' based upon religious beliefs and 'free exercise' of the expression of those religious beliefs;" and (6) a violation of his Fourteenth Amendment rights by the enforcement of state laws regarding child placement and custody which required plaintiff to speak and act against his religion. *Id*. For

these violations, Berry asked the Court vacate Judge Von VanAllsburg's ruling, reinstate his custody rights, order Judge VanAllsburg to personally compensate him (in the amount of the value of the American soldier dying for the rights taken from him), commence a federal investigation into Judge VanAllsburg and other named parties, remove Judge VanAllsburg from the case, to try Judge VanAllsburg as a traitor, and for the maximum penalty to be exacted on Judge VanAllsburg. *Id*.

The matter was referred to Magistrate Judge Patricia T. Morris on December 21, 2015 pursuant to 28 U.S.C. § 636(b) for determination of "matters related to the review of *in forma pauperis* cases provided for it in 29 U.S.C. § 1915(e)(2)", among other things. *See* Case No. 15-cv-14380, ECF No. 4. After granting Berry's application to proceed without prepaying fees or costs, Judge Morris applied the screening procedure set forth in the IFP Statute, 28 U.S.C. § 1915(e)(2)(B). The IFP statute requires a court to review all complaints in which a plaintiff is proceeding IFP, and to *sua sponte* dismiss a case at any time "if the court determined that… the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* at ECF No. 7.

In liberally construing Berry's *pro se* complaint, Judge Morris determined that Berry had failed to state a claim against Defendant Judge VanAllsburg because he was acting in his judicial capacity in a state court case over which he had jurisdiction. Judge Morris thus determined that Judge VanAllsburg was immune from suit under *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). In conclusion, Judge Morris recommended dismissing Berry's complaint *sua sponte*.

Instead of waiting for this Court to issue a final order on the matter, Berry filed a notice of appeal. *Id.* at ECF No. 8. He also filed six additional complaints in this Court, two of which

name Judge Morris as Defendant. *See* 16-cv-10170; 16-cv-10172. In both causes of action, Berry alleges that Judge Morris is guilty of an "Act of Treason and War Crime" for removing his constitutional rights. *See* ECF No. 1. Berry has filed applications to proceed *in forma pauperis.*

## II.

In this specific cause of action, Berry alleges that Judge Morris aided and abetted Judge VanAllsburg and Attorney Dolores Trese in their conspiracy to violate his constitutional rights, thus breaking the Oath she took to support the Constitution. Berry asks this Court to vacate Judge Morris's report and recommendation and direct Judge Morris to compensate a United States soldier. *Id*. He also seeks compensation in the form of court fees, fines, fine for law services he was ordered to pay, transportation, compensation for travel and preparation with a 10 percent interest rate, and pain and hardship damages in the amount of $10,000 a day.

### A.

As with his previous action, Berry seeks to proceed *in forma pauperis* in his action against Judge Morris. Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Doebler v. Commissioner of Soc. Sec.*, 2012 WL 2891246, at *1 (E.D. Mich. May 3, 2012) report and recommendation adopted, No. 12-11795, 2012 WL 2899331 (E.D. Mich. July 16, 2012). A district court has discretion to grant or deny an IFP petition. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363 (4th Cir. 1980). Because Berry has demonstrated that he is

unable to pay the requisite filing fees, is application to proceed *in forma pauperis* will be granted.

**B.**

Because Berry is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B) this court must review Berry's complaint and *sua sponte* dismiss it "if the court determined that… the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*.

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347, (1872). Accordingly, a judge is generally immune from suit itself, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 112 (1991). This immunity extends to officials performing discretionary acts of a judicial nature, including magistrate judges. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Judicial immunity is lost only in two circumstances: (1) when the judge acts in a non-judicial capacity; and (2) when the judge acts in complete absence of all jurisdiction. *See Mann v. Conlin,* 22 F.3d 100, 103 (6th Cir. 1994).

Berry has made no allegation that Judge Morris was acting in a non-judicial capacity or that she acted in the absence of all jurisdiction. Instead, he generally posits that judicial

- 4 -

immunity is a fiction. In the face of over a century of Supreme Court precedent holding the contrary, this argument is not persuasive. Because Judge Morris was acting in a judicial capacity, and because this Court had specifically referred the action in question to Judge Morris pursuant to 28 U.S.C. § 636(b) for determination of "matters related to the review of *in forma pauperis* cases provided for it in 29 U.S.C. § 1915(e)(2)", Judge Morris is protected from suit by judicial immunity.

### III.

Accordingly, it is **ORDERED** that Plaintiff Timothy Berry's application to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.

It is further **ORDERED** that Plaintiff Timothy Berry's complaint, ECF No. 1, is **DISMISSED with prejudice**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 27, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2016.

s/Michael A. Sian  
Michael A. Sian, Case Manager